[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The sole issue before the court is whether, pursuant to General Statutes § 52-225a[1], an injured plaintiff, whose economic damages are reduced because of the collateral source doctrine, is entitled to an offset from that reduction to reflect the entire amount of insurance premiums paid or merely the amount that corresponded to the medical payment portion of her insurance. This court holds that the injured plaintiff is entitled to an offset for the entire amount of premiums paid as it is that amount that was necessary to secure her right to the collateral source benefit.
The following facts and procedural history are undisputed. On January 25, 2001, the jury returned a verdict for the plaintiff, Carol F. Jones, in the amount of $7,243.39, economic damages, and $13,500, non-economic damages, for a total of $20,743.39. The plaintiff and the defendant, Joyce O. Riley, stipulated at a collateral source hearing before this court on February 26, 2001, that: the plaintiffs premiums exceeded the amount her health insurers paid in the amount of medical expenses, $938.94; the plaintiff purchased medical payment coverage along with her automobile insurance policy; Allstate, the plaintiffs medical payment carrier, paid $2,000 in medical expenses; the plaintiffs premiums for the medical payment portion were $80; the plaintiffs premiums for the total policy exceed $2,000; and finally, that the plaintiff could not opt to purchase the medical payment coverage without also having an automobile liability policy.
The plaintiff claims that she is entitled to a set off in the amount of $2084.70, which is the total amount expended by her in obtaining automobile insurance. The defendant argues that the plaintiff should not be awarded credit for premiums paid to obtain liability insurance, but CT Page 6673 only for the premiums paid to obtain the medical insurance portion of coverage.
"As with any issue of statutory interpretation, our initial guide is the language of the operative statutory provisions. . . . As previously noted, § 52-225a (c) permits a plaintiff to offset the amount of a reduction for collateral source benefits the plaintiff has received by any amount which has been paid, contributed, or forfeited . . . by, or on behalf of, the claimant or members of his immediate family to secure his right to any collateral source benefit which he has received as a result of such injury or death." (Citations omitted; emphasis omitted; internal quotation marks omitted.) Alvarado v. Black, 248 Conn. 409, 415,728 A.2d 500 (1999) (holding that the injured plaintiff was entitled to a set off for premiums paid by her employer to secure health insurance benefits on her behalf). Furthermore, in Alvarado, the court held that "under § 52-225a (a), calculation of the collateral source reduction is a two part process: (1) the total amount of collateral source benefits a claimant has received is determined in accordance with § 52-225a (b); and (2) that amount is then decreased, pursuant to § 52-225a (c), by the total amount that has been paid, contributed, or forfeited, by, or on behalf of, the claimant or members of his immediate family to secure those benefits." (Internal quotation marks omitted.) Id., 413.
Our Supreme Court explained the policy rationales underlying collateral source recovery: "The first is that a tortfeasor should not be rewarded by collateral sources that have benefitted an injured party. This principle recognizes the social value in making the tortfeasor pay the injured party even for already" compensated losses in order to prevent a windfall to the tortfeasor . . . and to fulfill the general tort policy of deterring similar tortfeasors from wrongful conduct. . . . The second, competing principle is that a litigant may recover just damages for the same loss only once. The social policy behind this concept is that it is a waste of society's economic resources to do more than compensate an injured party for a loss and, therefore, the judicial machinery should not be engaged in shifting a loss in order to create such an economic waste. (Citations omitted.) Haynes v. Yale-New HavenHospital, 243 Conn. 17, 23-24, 699 A.2d 964 (1997).
As noted, § 52-225a (c) allows the plaintiff to offset the amount of a reduction by any amount paid . . . to secure [her] right to a collateral source benefit . . . (emphasis supplied). The plaintiff was unable to purchase only the medical payment portion of her insurance policy. In order to obtain the medical payment portion, the plaintiff was obligated to purchase the entire automobile insurance policy. Hence, in order to obtain her automobile insurance and the ensuing medical payment portion, the plaintiff was required to pay the entire premium. CT Page 6674
This court finds that in order to secure her right to the collateral source benefit utilized in this case, the plaintiff was forced to pay the entire insurance premium. The plaintiff is entitled to offset that amount.
 _____________________ BERGER, JUDGE